LISANNE BUTTERFIELD
Oregon Bar No. 913683
*lbutterfield@CarrButterfield.com*
CARR BUTTERFIELD, LLP
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone:  503-635-5244
Fax:  503-635-2955
Attorney for Petitioner Mark C. Creason

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| **MARK C. CREASON,** | Case No.: 1:23-cv-00394 |
| Petitioner, | **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD** |
| v. | |
| **COLORADO FINANCIAL SERVICE CORPORATION, a Colorado corporation,** | |
| Respondent. | |

### PETITION FOR ORDER CONFIRMING ARBITRATION AWARD

Petitioner Mark C. Creason ("Petitioner" or "Creason"), by and through his undersigned counsel and pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, petitions this court for an Order confirming the Arbitration Award (the "Arbitration Award") rendered by a FINRA arbitration panel ("the FINRA Panel") on September 15, 2022.  The FINRA Panel rendered the Arbitration Award after an evidentiary hearing conducted on July 19, 2022, in the underlying case styled as: *Mark C. Creason, Claimant  v. Colorado Financial Service Corporation,*

Page 1 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

*Respondent,* Financial Industry Regulatory Authority ("FINRA") Case No. 21-01299, via videoconference with the hearing site in Dallas, Texas. (The underlying case is referred to hereinafter as the "FINRA Arbitration.")  A true and correct copy of the Arbitration Award is attached hereto as Exhibit A.

Subject to confirmation by the Court, the FINRA Panel recommended that the FINRA Central Registration Depository ("CRD")[1] expunge all references pertaining to Occurrence Number 2109522 from registration records maintained by the CRD for Creason (CRD Number 6617847). Pursuant to FINRA Rule 2080, in order to effectuate that expungement, Creason must procure from a court of competent jurisdiction the review and confirmation of the Arbitration Award.

In support of this Petition, Creason respectfully submits the following:

## THE PARTIES

1. Petitioner is an individual residing in Murrieta, California and has been working in the securities industry since March of 2016.  Beginning January 2017, and ending March 22, 2019, Creason was employed by Respondent as a registered representative of Colorado Financial Service Corporation ("CFSC") and affiliated with CFSC in Prosper, Texas. Respondent maintained Creason's Form U4 (Application for Securities Registration) in the CRD System while he was employed with CFSC and filed a Form U5[2] ("U5") upon his resignation.  From

---

[1]  The CRD is the central licensing and registration system used by the U.S. securities industry and its regulators. The system contains, among other things, registration records of individuals associated with FINRA-member firms that include their qualifications, and employment and disclosure histories.

[2]  At the time relevant, a Form U5 (Uniform Termination Notice for Securities Industry Registration) was required to be filed in the CRD system within 30 days of when a registered individual leaves a broker-dealer or investment adviser firm for any reason.  The form discloses when and why the individual left and other certain events, including responses to disclosure questions in Section 7 of the form.

Page 2 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

March 2019 to present, Petitioner has served as a Registered Representative, Registered Principal, and investment banker with Emerson Equity LLC. an SEC registered investment advisor firm and FINRA member broker-dealer.

2. Respondent Colorado Financial Service Corporation (CRD #104343) ("Respondent" or "CFSC"), is a FINRA member broker-dealer and registered investment advisor with its corporate headquarters in Centennial, Colorado. Respondent is registered to do business in multiple states.

## JURISDICTION AND VENUE

3. Pursuant to Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1331, this Court has jurisdiction over this matter.

4. Venue is properly laid within the United States District Court for Colorado, pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391. Pursuant to the Parties' written contract, venue is proper in this court. *See* Independent Contractor Agreement between the parties (as Exhibit C, at ¶ 10).

## BACKGROUND

5. On or about January 5, 2021, CFSC's broker dealer client Kathryn Dimopoulos and her son, Christos Dimopoulos ("Dimopoulos") (collectively, the "Customers") conferred via phone with CFSC's then acting President, Steven Bienemann and CFSC's then acting Chief Operations Officer, Sinh Ly, regarding the Customers' multiple previous requests to obtain additional account information regarding their assets in Environmental Packaging Technologies Holding, Inc. ("EPTI").

Page 3 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

6.	During a period of more than eighteen (18) months commencing from months after Petitioner's resignation from CFSC and continuing through January 7, 2021, the Customers repeatedly communicated their requests to CFSC that it provide the Customers specific account information regarding the Customers' EPTI investments held at CFSC. On several occasions, including in August 2019 and December 2020, Petitioner emailed EPTI in an attempt to facilitate the Customers' request to CFSC.  At that time, Petitioner was no longer affiliated with CFSC, he had no control over the documents and information requested, yet at all times, Petitioner acted consistent with the Customers' bests interests.

7.	In response to the Customers' above repeated requests to CFSC, and despite best efforts by Petitioner, CFSC failed and refused to provide the account information requested. Ultimately, in their direct telephone and email communications with CFSC, the Customers expressly informed CFSC that they were not ready to file a complaint but, if they were to file one, it would be against CFSC for its refusal to provide account information as requested, and would also name Steve Bienemann and Chet Hebert.  At no time did the Customers threaten, state, or allege any complaint against Petitioner. In fact, in their repeated communications with CFSC, the Customers stated the exact opposite -- they unequivocally confirmed that they did not in the past or intend in the future to assert any complaint against Petitioner.

8.	On or about February 5, 2021, CFSC filed Petitioner's ***2nd Amended U5***, which correctly reported that Petitioner terminated from the firm on a "Voluntary" basis.  Yet, in response to question 7E.3.(a), the ***2nd Amended U5*** also included a materially false and misleading statement as follows: "*while [Claimant] was employed by or associated with [CFSC], …[he] was …the subject of an investment-related, consumer-initiated,* **written**

Page 4 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

*complaint, not otherwise reported under questions 7(E)(2) above, which: (a) would be reportable under question 14I(3)(a) on Form U4, if [Claimant was] … still employed by [CFSC], but which has not previously been reported on [Claimant's] Form U4 by [CFSC]."* The "Customer Complaint DRP" section of the U5, CFSC also misleadingly stated the complaining customer's name is Kathryn Dimopoulos, and that the alleged complaint was "oral" not "written." The disclosures, taken together, were misleading and confusing (at best), and also demonstrably erroneous and intentionally harmful to Petitioner.

9.  On or about February 8, 2021, Respondent submitted Petitioner's ***3rd Amended U5***, which served only to redact the customers' names that CFSC had identified in the summary of allegations at Section #4 of the Customer Complaint DRP.  This was particularly problematic because the text at issue became visible to the public on the BrokerCheck® website.  CFSC knew or should have known that both the ***2nd Amended U5*** and the ***3rd Amended U5*** were untruthful, materially misleading, and defamatory because CFSC had *actual* knowledge that there was "no consumer-initiated, written complaint" to trigger a duty for CFSC to answer in the affirmative to Question 14I(3) of Petitioner's Form U4.

10. On a date no later than February 9, 2021, the Customers had expressly confirmed in writing that the Customers did not (and did not intend in the future to) allege a complaint against Petitioner, and on February 10, 2021, Petitioner forwarded a copy of that communication to CFSC's management and compliance representatives.  This fact was particularly germane because the Customers ***expressly stated in writing*** that they had "not even considered filing [a written complaint] on him." Petitioner also expressly requested that CFSC amend the subject U5

Page 5 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

to remove the materially false and misleading information regarding the "*consumer-initiated, written complaint.*"

11.     On March 3, 2021, Petitioner (by and through his undersigned counsel) again formally notified CFSC that the **2nd Amended U5** and **3rd Amended U5** were false and misleading. Through counsel, Petitioner further demanded that CFSC amend Petitioner's U5 to remove the "false, misleading, and defamatory information regarding an alleged customer complaint" and produce "a copy of the CFSC investigative file" and any "*alleged customer complaint,*" including all written complaints.

12.     On or about May 19, 2021 Creason filed a Statement of Claim ("SOC") in the FINRA Arbitration seeking (i) expungement of all references to the Customer Complaint, CRD Occurrence No. 2109522 from his CRD record pursuant to FINRA Rule 2080(b)(1)(A) as the claim, allegation, or information is factually impossible or clearly erroneous and FINRA Rule 2080(b)(1)(C) as the claim, allegation, or information is false.

13.     On or about July 8, 2021, CFSC filed its Answer to the SOC and requested that the Arbitration Panel deny Creason's request for expungement and damages.

14.     The FINRA Panel considered the pleadings, the testimony and evidence presented at the expungement hearings, and on September 15, 2022, recommended "expungement of all references to … (Occurrence Number 2109522) from the registration records maintained by the CRD for Claimant Mark C. Creason (CRD Number 6617847) … ." *See* Exhibit A, Arbitration Award.

15.     Pursuant to Rule 13805 of the FINRA Code of Arbitration Procedure, the FINRA Panel considered the pleadings, the testimony and evidence presented at the hearing, and any

Page 6 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

post-hearing submissions, and decided in full and final resolution of the issues submitted for determination of the following Rule 2080 affirmative findings of fact:

**The claim, allegation, or information –[as reported by CFSC] is false.**

*See* **Exhibit A, Arbitration Award.**

The FINRA Panel made the above Rule 2080 findings based on the fact that Respondent made a referral to FINRA without receiving a written complaint. The FINRA Panel based its decision on the Customer's request for the return of the initial investment of $10,000.00.

16. The FINRA Panel also determined that Respondent was liable for and shall pay to Claimant/Petitioner the sum of $69,673.49 in attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001, et seq. *See* Exhibit A, Arbitration Award.

17. The Arbitration Award requires that Creason obtain confirmation of the Arbitration Award from a court of competent jurisdiction before the CRD will execute the expungement directive.

18. In a letter dated September 15, 2022, FINRA confirmed that the Arbitration Award complies with FINRA's Code of Arbitration Procedure and includes an affirmative finding that the expungement directive is based on one or more standards enumerated in FINRA Rule 2080. Specifically, the expungement directive is based on one or more of the following affirmative arbitral findings: <u>The claim, allegation, or information is false.</u>

19. The FINRA Panel's letter dated January 11, 2023, also granted Creason's request for a waiver of the obligation to name "FINRA" as a party to this subject petition seeking judicial confirmation of the Arbitration Award. (A true and correct copy of the FINRA Panel's letter is attached hereto as Exhibit B.)

Page 7 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

CLAIM FOR RELIEF
Confirmation of Arbitration Award

20. Creason realleges and incorporates by reference each and every allegation contained above, including paragraphs 1 through 19, as if fully set forth here.

21. Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Creason.

22. The Arbitration Award has not been vacated, modified, or corrected by order of any court of competent jurisdiction and is still in full force and effect.

23. Pursuant to 9 U.S.C. § 9, Creason is entitled to a judgment confirming the Arbitration Award and recommending the expungement of all references pertaining to Occurrence Number 2109522, from the CRD records of Mark C. Creason.

WHEREFORE, Petitioner Mark C. Creason respectfully requests that this Court enter an Order confirming the Arbitration Award and directing FINRA to execute the FINRA Arbitration Panel's recommendation to expunge and remove from Creason's CRD records all references to Occurrence Number 2109522.

DATED this 10th day of February, 2023.

By: /s/ Lisanne Butterfield

LISANNE M. BUTTERFIELD
Oregon Bar No. 913683
lbutterfield@CarrButterfield.com
CARR BUTTERFIELD, LLP
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone: 503-635-5244
Fax: 503-635-2955
Attorney for Petitioner Mark C. Creason

Page 8 – **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

**CARR BUTTERFIELD, LLP**
6650 SW Redwood Lane, Suite 220
Portland, OR 97224
Telephone: (503) 635-5244
Facsimile: (503) 635-2955