## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 23-cv-00394-NYW-KLM

MARK C. CREASON,

      Petitioner,

v.

COLORADO FINANCIAL SERVICE CORPORATION,

      Respondent.

---

### ORDER CONFIRMING ARBITRATION AWARD

---

This matter comes before the Court on Mark C. Creason's ("Mr. Creason" or "Petitioner") Petition for Order Confirming Arbitration Award ("Petition"). [Doc. 1, filed February 10, 2023]. Mr. Creason asks the Court to enter judgment confirming an arbitration award issued on September 15, 2022, in Financial Industry Regulatory Authority ("FINRA") Arbitration Case No. 21-01299, captioned *Mark C. Creason v. Colorado Financial Service Corporation.* [*Id.* at 1]; *see* [Doc. 1-1]. Mr. Creason makes this request pursuant to the § 9 of the Federal Arbitration Act ("FAA" or the "Act"), 9 U.S.C. § 9. [Doc. 1 at 1].

According to the waiver of service filed by Mr. Creason, Respondent Colorado Financial Service Corporation ("CFSC" or "Respondent") received a copy of the Petition on February 14, 2023. [Doc. 5]. The waiver of service is signed by attorney William D. Nelson ("Attorney Nelson") on behalf of CFSC. [*Id.*]. CFSC has not filed a response or otherwise appeared in this action. However, on April 6, 2023, Petitioner filed a declaration of his attorney, Lisanne M.

Butterfield, which attaches a copy of an email from Attorney Nelson, wherein he confirmed that

CFSC stipulates to the Petition.  *See* [Doc. 7 at 3].[1]

## LEGAL STANDARD

Section 9 of the FAA provides that:

> [i]f the parties in their agreement [to arbitrate] have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  Notice of the petition must be served on the adverse party, "and thereupon the court

shall have jurisdiction of such party as though he had appeared generally in the proceeding[,]" and

the petition must be brought in an appropriate court.  *Id.*; *see Hall St. Assocs., L.L.C. v. Mattel,

Inc.*, 552 U.S. 576, 582 (2008) ("The Act . . . supplies mechanisms for enforcing arbitration

awards: a judicial decree confirming an award, an order vacating it, or an order modifying or

correcting it.  An application for any of these orders will get streamlined treatment as a motion,

obviating the separate contract action that would usually be necessary to enforce or tinker with an

arbitral award in court." (citation omitted)).  Moreover, the Court "does not sit to hear claims of

factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's

decision." *Morrill v. G.A. Mktg., Inc.,* No. 04-cv-01744-MSK-BNB, 2006 WL 2038419, at *1 (D.

Colo. July 18, 2006) (citing *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37–38

(1987)).  Accordingly, arbitral awards "must be confirmed" even in the face of errors in factual

---

[1] Petitioner also filed a proposed order confirming the arbitration award, stating that this case should be "terminated and dismissed with prejudice, with each party bearing its own attorneys' fees and costs." [Doc. 7-1 at 2].  CFSC also does not oppose the language in the proposed order. *See* [Doc. 7 at 3].

findings, or interpretation and application of the law.  *Denver & Rio Grande W. R.R. v. Union Pac. R.R.,* 119 F.3d 847, 849 (10th Cir. 1997).

## ANALYSIS

The allegations in the instant Petition are supported by corresponding exhibits reflecting the following: (1) Mr. Creason and CFSC agreed to binding arbitration, [Doc. 1-3 at ¶ 10]; (2) Mr. Creason filed the Petition within one year of the arbitration award, *compare* [Doc. 1] *with* [Doc. 1-1]; (3) notice of the Petition was served on CFSC, [Doc. 5; Doc. 7 at 3]; and (4) the Petition is brought in an appropriate court, *see* [Doc. 1-1 at ¶ 10 ("Any action to confirm any arbitration award . . . shall be brought in . . . the United States District Court for the Northern [sic] District of Colorado.").  Thus, the Court finds that Petitioner has established all of the required elements under § 9 of the FAA, and no grounds for vacation, modification, or correction under §§ 10 or 11 of the FAA are present.  *See* 9 U.S.C. § 9; *see also* 9 U.S.C. §§ 10, 11 (requiring an "application of any party to the arbitration" to grant relief under those sections of the Act).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     The Petition for Order Confirming Arbitration Award [Doc. 1] is **GRANTED**;

(2)     The arbitration award issued on September 15, 2022, in FINRA Arbitration Case No. 21-01299, captioned *Mark C. Creason v. Colorado Financial Service Corporation* [Doc. 1-1], is **CONFIRMED in its entirety**; and

(3)     This case is **DISMISSED with prejudice**, with each Party bearing its own attorneys' fees and costs.[2]

---

[2] *See supra* note 1.

3

DATED:  June 12, 2023                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge